[Sac. No. 799.    Department One.—January 3, 1902.]

MARGARET McCORMICK, Appellant, v. JOHN E. GROSS, Respondent.

PLEADING—ABATEMENT—ANOTHER ACTION PENDING—RES ADJUDICATA. —In order to sustain a plea in abatement of another action pending for the same cause of action, the identity of the matter involved must be such that a judgment in the prior action could be pleaded in bar as a former adjudication.

ID.—REPLEVIN—GIST OF ACTION—ACTION PENDING FOR PURCHASE PRICE—DISTINCT CAUSE OF ACTION—JUDGMENT FOR DEFENDANT NOT A BAR.—In an action of replevin, the gist of the action is the right of the plaintiff to the immediate and exclusive possession of the specific property sued for, at the time of the commencement of the action. A prior action pending, by the same plaintiff against the same defendant, to recover money due under a contract for the price of the same property, is upon a distinct cause of action, and a plea thereof in abatement of the replevin suit which shows that judgment was rendered in the former suit for the defendant does not show a judgment which could be pleaded in bar in the replevin suit, and is not tenable as such plea.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Edward I. Jones, Judge.

The facts are stated in the opinion.

Louttit & Middlecoff, for Appellant.

Nicol, Orr & Nutter, for Respondent.

COOPER, C.—Appeal from judgment and order denying plaintiff's motion for a new trial.

The complaint was filed November 11, 1898, and alleges that, on the first day of September, 1896, the plaintiff was, ever since has been, and still is, the owner and entitled to the possession of the personal property, therein described, of the value of $1,625; that defendant is in possession thereof, and refuses to deliver possession to plaintiff after demand made.

Judgment is prayed for the recovery of the possession of the property, or its value in case a delivery cannot be had. The defendant denied the allegations of the complaint, and pleaded, in abatement, the pendency of another action. The facts pleaded and relied upon in support of defendant's plea of "action pending" are as follows: On July 14, 1898, this plaintiff commenced an action against this defendant to recover the sum of one thousand dollars, alleged to be due and owing to plaintiff upon an express contract, as the purchase price of the personal property described in the complaint in this case, which, it was alleged, had been sold and delivered by plaintiff to defendant, at his special instance and request. The defendant answered said complaint, denying the indebtedness. Upon trial, judgment was duly given and made, October 13, 1898, in favor of defendant and against plaintiff. Plaintiff made a motion for a new trial, which was denied February 13, 1899, and on the tenth day of April, 1899, he duly gave notice of appeal to this court from said judgment and order denying his motion for a new trial. The present action was tried May 11, 1899, and at the time of the trial the appeal from the judgment and order in the former action was still pending. (The judgment and order have since been affirmed here. 60 Pac. Rep. 858.) The above facts appearing at the trial, the

court ordered that "this action do abate," and that defendant recover his costs, and judgment was so entered. The sole question here is as to whether or not the above facts show that a prior action was pending, concerning the same subject-matter, at the time of the trial of this. We do not think the identity of the subject-matter of the two suits was such that the plea of defendant was available. The present action is for the recovery of the possession of specific personal property. The gist of the action is the right of the plaintiff to the immediate and exclusive possession of the property at the time the action was commenced. (*Fredericks* v. *Tracy,* 98 Cal. 658.) This was the purpose of the suit and its subject-matter. It had for its immediate purpose and object the question as to the right to the possession of the property. The prior action was not for any such purpose. Its primary object was to recover *money* alleged to be due by virtue of a contract. The consideration of the contract was alleged to be the sale and delivery of the personal property described herein, but the consideration was not the subject-matter of the contract. The complaint would have been good without any allegation as to the consideration. The consideration was an essential matter to be proven, but it does not follow that because the complaint stated the evidence of the consideration, that such statement constituted the subject-matter of the action. The prior action could not have determined the right to the possession of the property. In fact, its determination in favor of defendant tended to show that the property was never sold or delivered to defendant. The fact that, by the judgment in the prior case, it was determined that defendant was not indebted to plaintiff in the sum of one thousand dollars, or any other sum, for the sale and delivery of the personal property, does not determine that plaintiff is not the owner and entitled to the possession thereof. It would be strange if the law were, that in any case where a plaintiff brings suit upon an express contract for a sum alleged to be due for the sale and delivery of personal property, and the defendant prevails, the plaintiff would not only lose the suit, but the right to the possession of the property. Yet such is the inevitable logic of defendant's position. The plaintiff would not only lose the former suit, and have to pay the costs, but would lose the property alleged to have been sold. If the action pending was a good defense

in abatement, the judgment (now final) is a bar, and can be pleaded as such. The authorities all hold that in case of a plea in abatement the identity of the matters involved must be such that a judgment in the first could be pleaded in bar as a former adjudication. (1 Ency. of Pleading and Practice, p. 762, and cases cited; *Newell* v. *Newton,* 10 Pick. 471; *Vance* v. *Olinger,* 27 Cal. 360.)

In the latter case, in speaking of the plea of another action pending, this court said: "If a judgment in the first suit would not be conclusive of the second, the pendency of the former action cannot defeat the second."

It is provided in section 1908 of the Code of Civil Procedure that a judgment or order, in certain cases, is conclusive between the parties as "to the matter directly adjudged," and in section 1911, "that only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto."

In this case we may concede that the former judgment adjudged that defendant was not indebted to plaintiff, and that plaintiff did not sell and deliver the personal property to defendant. It was not actually, or necessarily, or in any manner, adjudged that plaintiff was not the owner and entitled to the possession of the property, because he failed to prove that he had sold it to defendant.

It follows that the judgment and order should be reversed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

Harrison, J., Garoutte, J., Van Dyke, J.