[Civ. No. 3143.  Second Appellate District, Division One.—February, 6, 1920.]

THE LOS ANGELES HUMANE SOCIETY (a Corporation), Respondent, v. M. C. ADLER, Appellant; EMMA S. BRUSCH et al., Defendants.

[1] Guaranty—Action Against Guarantors of Promissory Note—Sufficiency of Complaint.—In an action against the maker and the guarantors of a promissory note, in order to state a cause of action against the latter, there must be a direct allegation that they executed the guaranty attached to the note. It is not sufficient to allege the execution and delivery of the note and then set the note out *in haec verba* showing the guaranty indorsed thereon.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge. Reversed.

The facts are stated in the opinion of the court.

Overton, Lyman & Plumb for Appellant.

William Lewis for Respondent.

JAMES, J.—Appeal by defendant Adler from a judgment entered against him for money after he had suffered default to be taken. The action was brought to enforce payment of a promissory note executed by defendant Brusch, which note was secured by mortgage upon real property of the said Brusch. That portion of the complaint referring to the execution of the note reads as follows:

"That on the fourteenth day of February, 1912, at Los Angeles County, in the state of California, defendant, Emma C. Brusch, a widow, made, executed, and delivered to the Los Angeles Humane Society (for children) her promissory note for the principal sum of one thousand one hundred dollars, in words and figures as follows, to wit:

" 'Note Secured by Mortgage.

" '$1100.00.        Los Angeles, Cal., February 14, 1912.

" 'Three years after date, for value received, I promise to pay to The Los Angeles Humane Society (for children), or

order at the city of Los Angeles, state of California, the sum of eleven hundred ($1100.00) dollars, with interest from date until paid, at the rate of six (6%) per cent per annum, payable quarterly. Should the interest not be so paid it shall become part of the principal and thereafter bear like interest as the principal. Should default be made in the payment of any installment of interest when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note. Principal and interest payable in gold coin of the United States. This note is secured by a mortgage upon real property.

" 'Emma C. Brusch.'

"Indorsed on back:

" 'We hereby guarantee the payment of the within sum; I for one-half thereof, viz.: $550.00 and interest thereon.

" 'Elmar R. McDowal.

" 'And I for one-half thereof, mainly $550.00 and interest thereon.

" 'M. C. Adler.' "

A further allegation referred to the mortgage as having been executed by Brusch and the mortgage was attached as an exhibit to the complaint. In the prayer of the complaint, judgment for such proportion of the deficiency that might result upon the sale of the property as appellant had contracted to be responsible for was demanded.

[1] The principal point made upon this appeal is that the complaint failed to state a cause of action as against appellant, and with this contention we agree. No allegation is contained in the complaint to the effect that Adler executed the guaranty attached to the note, and without such an allegation the complaint was insufficient to show any obligation assumed by appellant. "Matters of substance must be alleged in direct terms and not by way of recital or reference, much less by exhibits merely attached to the pleading. Whatever is an essential element to a cause of action must be presented by a distinct averment, and cannot be left to an inference to be drawn from the construction of a document attached to the complaint." (*Hibernia Sav. & L. Soc.* v. *Thornton*, 117 Cal. 481, [49 Pac. 573]; *Estate of Cook*, 137 Cal. 184, [69 Pac. 968]; *San Francisco Sulphur Co.* v. *Aetna Indemnity Co.*, 7 Cal. App. 98, [93 Pac. 888].)

The further point is made that the judgment was entered without foreclosure sale of the property of the defendant Brusch, which action the court was unauthorized to take. It appears from the recitals in the judgment that the court determined that the security had been exhausted by reason of a prior mortgage claim held by one of the defendants in this action, in consequence of which no decree of foreclosure was made in this action. This determination of the court was based upon a stipulation as to facts entered into between the plaintiff and such prior mortgagee. The conclusion already expressed, that the complaint failed to state a cause of action against this appellant, makes it unnecessary, we think, to enter upon discussion as to whether, in the absence of an allegation made in the complaint as to the insufficiency of the security, the court was authorized to accept the stipulation and therefrom determine that no decree of foreclosure should be entered. The first point made and here considered goes to the very foundation of the right of the plaintiff to any judgment against appellant.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.