[L. A. No. 7271. In Bank.—December 1, 1922.]

## JANEWAY & CARPENDER (a Corporation), Respondent, v. LONG BEACH PAPER & PAINT COMPANY (a Corporation), Appellant.

[1] PLEADING—ACTION FOR GOODS SOLD—CONJUNCTIVE DENIAL—EFFECT OF.—In an action for goods sold and delivered, a denial that defendant ''made, executed *and* delivered'' the alleged contract, amounts to an admission of its execution, since the use of the conjunction ''and'' limits the denial to a simple statement that the defendant did not do all three of the things, leaving an admission that it did any two of them.

[2] ID.—PLACE OF SALE—INSUFFICIENT DENIAL.—A denial in such an action that goods of the alleged value were sold or delivered to defendant at the place alleged in the complaint is insufficient, the allegation of place being immaterial if they were sold and delivered at any other place.

[3] ID.—DENIAL OF EXECUTION OF CONTRACT AT NAMED PRICES—EFFECT OF.—A denial in such an action of the execution of the contract, coupled with the words "at the prices therein named" amounting to a certain sum, is equivalent to a mere denial that the footings were correct.

[4] ID.—PRICE—SUFFICIENCY OF COMPLAINT.—A complaint alleging that goods of a certain value were delivered to and accepted by the defendant is sufficient to charge the defendant even if the contract does not name the price.

[5] ID.—NONPAYMENT—INSUFFICIENT DENIAL.—A denial in an action for goods sold that the alleged sum of $6,190.88 has not been paid is an admission that the sum of $6,190.87 is unpaid, and insufficient to raise an issue, since the law disregards trifles.

[6] ID.—SUFFICIENT DENIAL.—A denial in such an action that the alleged sum or any part thereof has not been paid is a good denial of the allegation of nonpayment.

[7] ID.—EVIDENCE—PROOF OF NONPAYMENT—EFFECT OF ADMISSIONS. Where it is established by the admissions of other essential allegations of the complaint in such an action that the defendant owed the sufficiently denied amount, it devolves upon the defendant to prove payment thereof and the plaintiff may rest its case upon the pleadings.

APPEAL from a judgment of the Superior Court of Los Angeles County.  J. P. Wood, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Scarborough & Bowen for Appellant.

Bicksler, Smith & Parke for Respondent.

SHAW, C. J.—The appeal is from a judgment in favor of the plaintiff upon the pleadings.

The complaint was in three counts.  The first count alleged that on September 10, 1919, defendant made, executed and delivered to plaintiff its contract for goods, at the prices therein named, amounting to $6,190.98; that goods of that value were sold and delivered to defendant at

plaintiff's mill in New Jersey and were accepted by defendant.

The second count alleges that on October 18, 1919, the defendant made, executed and delivered its contract for goods to the plaintiff at prices therein named, amounting to $426; that goods of that value were sold and delivered to *plaintiff* at plaintiff's mill in New Jersey, which were accepted by the defendant.

The third count alleges that on April 25, 1920, the defendant made, executed and delivered to plaintiff its contract for goods at prices therein named, amounting to $4,580.36; that goods of that value were sold and delivered to defendant from plaintiff's mill in New Jersey and were accepted by defendant. In paragraph 18 of the third cause of action plaintiff alleges that by several transactions set forth therein the sum of $4,605.56 was paid by defendant on said three contracts, leaving $6,443.89 due thereon, and plaintiff alleges that the latter sum has not been paid nor any part thereof.

The answer denied that on September 10, 1919, or at any other time, or at all, defendant made, executed and delivered to plaintiff its contract for goods at prices therein named amounting to $6,190.88, or any other sum, or that goods of that value, or any other sum, were sold or delivered to defendant at plaintiff's mill in New Jersey, or were accepted by him; denied that on October 18, 1919, or at any other time, or at all, defendant made, executed and delivered its contract for goods at prices therein named, amounting to $426, or that goods of that value, or any other sum, were sold and delivered to defendant from plaintiff's mill in New Jersey, and denies that said goods were accepted by defendant; denies that on April 25, 1920, the defendant made, executed and delivered to plaintiff its certain contract, or any contract, for goods at prices therein named amounting to $4,580.36, or any other sum, or at all, or that said goods of that value, or of any other sum, were sold and delivered to defendant from plaintiff's mill in New Jersey, or were accepted by defendant. Defendant further denies that said sum of $6,190.88, or that said sum of $4,580.36, has not been paid, or that said sum of $436, or any part thereof, has not been paid, excepting as set forth in paragraph 18 of the third cause of action.

[1]  The answers are not sufficient.  They deny that defendant "made, executed *and* delivered" the several contracts.  Defendant may have "executed and delivered" them, or it may have "made and executed" them, and the denial would be true, and yet the defendant would be liable.  By connecting the words together with the conjunction "and" it has limited its denial to a simple statement that it did not do all three of the things, leaving an admission that it did any two of them.  It amounts to an admission that it executed the contract, which *is all that is necessary to* make it liable thereon.  (*Kuhland* v. *Sedgwick,* 17 Cal. 123, *Castro* v. *Wetmore,* 16 Cal. 380, *Blankman* v. *Vallejo,* 15 Cal. 644, *Wise* v. *Rose,* 110 Cal. 159, 163 [42 Pac. 569], and *More* v. *Del Valle,* 28 Cal. 172.)  [2]  It denies that goods of the value of $6,190.88 were "sold or delivered to defendant" "at plaintiff's mill in New Jersey."  But the defendant would be responsible for them if they were sold or delivered at any other place.  The allegation that they were sold and delivered at that place was unnecessary and immaterial, if they were sold or delivered to the defendant at another place.  The same form of denial is used as to the other counts, and they are likewise insufficient.  [3]  Again, each denial of the execution of the contracts is coupled with the words "at prices therein named," and this is equivalent to a mere denial that the footings were correct, or in the last count where the denial is that the goods "at the prices therein named amounts to the total sum of $4,580.36 or any other sum, or at all," is a denial that the prices therein named footed up any sum whatever, which would be true if the contract did not set forth any prices.  [4]  As the complaint was framed, it asserts that goods of that value were delivered to and accepted by the defendant, and this is sufficient to charge the defendant even if the contract did not name the price.

[5]  As to the first count, the only denial of nonpayment is in these words: "denies that the said sum of $6,190.88 has not been paid."  This is an admission that the sum of $6,190.87 is unpaid, and as the law disregards trifles it is not sufficient to raise an issue.  As to the second count, the denial is as follows: "denies that said sum of $426.00 has not been paid or any part thereof, excepting as set forth in paragraph XVIII of the third cause of action herein."

The allegation of nonpayment of this item makes paragraph 18 a part thereof. Paragraph 18 alleges that the sum of $6,443.89, comprising the balance due on the three counts of the complaint, has not been paid, nor any part thereof. This is an admission, therefore, that the sum of $6,443.88 is unpaid on all the counts, and this is one cent less than plaintiff asks. The same rule regarding trifles applies.

[6]  As to the third count, defendant "denied that the said sum of $4,580.36 or any part thereof, has not been paid."

This is a good denial of the allegation of nonpayment. [7]  But the admissions of the other essential allegations of the complaint established the proposition that the defendant owed this sum of money to plaintiff for the goods sold to him. When that is established the rule of law is that it then devolves upon the defendant to prove the payment thereof. (*Melone* v. *Ruffino*, 129 Cal. 518 [79 Am. St. Rep. 127, 62 Pac. 93].) Consequently the plaintiff might have rested its case upon the pleadings, and awaited the introduction of proof of payment of this count, or part hereof, by the defendant. If it was technically erroneous to grant the motion, we think it was cured by what took place immediately thereafter and was entered in the judgment. It appears therefrom that immediately after granting the motion the following occurred:

"It was then stipulated and agreed between counsel for both parties that since the complaint was filed there had been paid plaintiff certain sums which reduced the amount claimed in said complaint, including interest, to the sum of forty-six hundred and seventy-five dollars ($4,675.00)." And thereupon judgment was rendered against the defendant for $4,675 only. Evidently this allowed for payments made before the answer was filed. It also comes within the scope of section 4½ of article VI of the constitution. And, we may add, that this is evident from the argument in plaintiff's brief in regard to the affirmative defense. It sets up that the Long Beach Paper & Paint Company made the contract set forth in the third count of the complaint; that said contract gave defendant the option to give "trade acceptances" for the amount, if agreeable to both parties; that defendant gave trade acceptances accordingly, but it is entirely silent on the question whether plaintiff ever ac-

cepted them. The trade acceptances offered were payable in six installments from March to August, 1921, and from the argument it is plain that they were not accepted. There is, therefore, no merit in this denial.

The judgment is affirmed.

Shurtleff, J., Lennon, J., Sloane, J., Waste, J., Wilbur, J., and Lawlor, J., concurred.