[Civ. No. 3365. Third Appellate District.—December 3, 1927.]

SAVATORE AZARELLO et al., Appellants, v. W. L. BESSOLO, Respondent.

Willedd Andrews for Appellants.

P. E. Greer for Respondent.

John Perry Wood as *Amicus Curiae.*

PLUMMER, J.—Action by plaintiffs for rescission of deed to real estate based upon fraud and failure of consideration. At the conclusion of the plaintiffs' case judgment of nonsuit was entered and the plaintiffs appeal.

In all essential particulars this is a companion case to that of *Masero* v. *Bessolo, ante,* p. 262 [262 Pac. 61], in action Civil No. 3364, this day decided by this court. All the authorities cited in that case are pertinent here, save and except as to those relating to the court granting a nonsuit for reasons not stated in the motion therefor.

The complaint in this action involves twenty-three acres of land situate in the same vicinity as the 10 acres of real estate involved in action Civil No. 3364, and was to be used by the defendant for the same purposes. In the complaint herein it is set forth, among other things, that the defendant represented to the plaintiffs that if the plaintiffs would transfer to the defendant said twenty-three acres of real property, the defendant would transfer to the plaintiffs equities valued at $9,000 in thirty-eight patents, including a patent covering the valuable oil tongs manufactured by the defendant, and in addition thereto would pay the plaintiffs the sum of $14,500. Thereupon, and about the fourteenth day of June, 1922, the plaintiffs entered into a contract agreeing to convey to the defendant the twenty-three acres of land. Thereafter and on or about the fifteenth day of November, 1922, it is alleged that the defendant represented to the plaintiffs, and stated to them that the land had increased somewhat in value on account of the good prospect for oil therein, and used this language: "This land has gone up, and there is a good chance for oil there; if you will deed me an undivided one-half interest in the land covered by the option, and keep the equities, I will not pay you the $14,500, and you can keep your one-half of the land and you will still have your interest in the oil tongs and all the patents and tools." Thereupon, and on the sixteenth day of November, 1922, the plaintiffs executed and delivered to the defendant a deed conveying a one-half interest in and to the real property herein referred to. The complaint then alleges "that the defendant has not, since the 16th day of November, 1922, or at any other time, assigned, sold or transferred to the plaintiffs, or either or any of them any interest whatever in said valuable big rotary tongs, although the said defendant is now manufacturing and selling said big rotary tongs to the oil trade of California." It is further alleged that the plaintiffs have received no benefit, financial or otherwise, for the real prop-

erty transferred to the defendant, save and except that the defendant has transferred to the plaintiffs certain alleged equities in patents obtained by him not covering the oil tongs referred to. The complaint further shows that the defendant had not filed in the office of the commissioner of United States patents any declaration dividing the equities in said oil tongs as represented by him, but that the declaration so filed covered other and different tools patented by the defendant. The prayer of the complaint was that the deed conveying the real estate to the defendant be canceled and that the plaintiffs have such other and further relief as to the court might seem meet and just. The transcript sets forth, in substance, the same testimony from which we have taken excerpts as set forth in action Civil No. 3364, and in addition thereto, we here set forth the following: (Testimony of defendant Bessolo:) "Q. What did you say, Mr. Bessolo? I told him that I was willing to take the land at that price that was spoken about, $14,500, and one equity, and he says, 'No,' he says, 'there will be one equity each, or none at all.' He says, 'I will take one equity and Sal take one equity and Cira take one equity.' Q. What did you say? A. Well, we had quite a long conversation, as Italians generally do, and afterwards we agreed upon it. Q. What did you say you would give him an interest in, in reference to your oil tongs and 38 patents. A. There never was 38 patents mentioned. Q. What did you say about your patents? A. I told him that we were going to manufacture, in fact, we were at that time already manufacturing the tongs. But regarding patent or any 38 patents, there was never any conversation. Q. Did you tell him that you had a patent on a rotary tongs? A. No, sir; they all knew that—I told everybody I was trying to take a patent, although it was disclosed into the equity system patent. Q. Didn't you tell him that the oil rotary tongs was included in all the patents you owned and that he would get an interest in that? A. I told him that every equity holder would participate in all those tools that we were manufacturing. Q. Didn't you state and demonstrate at that time to him the rotary oil tongs as a part of them? A. We demonstrated that." Further on, as to the value of the equities, the witness testified: "What did he say? A. He said that was all right with him, one equity each, for which I

told him that they were worth $3,000 each.'' In answer to a question by the court, of the defendant, as to the profits in the manufacture of the oil tongs, the defendant replied that the profits were about $40,000 and that at no time had the plaintiffs received any part thereof. The testimony of the plaintiff is substantially to the effect that the defendant represented that the equities which he was conveying to them included equities in the patent issued covering the rotary oil tongs, and that they were to participate in the profits of the business of manufacturing all of the tools, included in any and all of the patents. ▮ As stated, at the conclusion of the plaintiffs' testimony, the court granted the defendant's motion for nonsuit on the two grounds mentioned, and in its opinion granting a nonsuit, summarized the testimony shown by the transcript, which we will use as being a correct statement thereof, and as testified to by the defendant, to wit, ''his testimony simply amounts to this, that he (the defendant), told these people that if they would give him a deed to this property in the first instance, he would make them a partner, each of them a partner, and give them an interest in each of these patents, including the oil tong. . . . Then, later, when it came to the question of cancellation of the agreement (referring to the whole title of the 23 acres of land), he (the defendant), said to them that it appeared to have prospects of being oil land, and in view of that fact, why not release him from his obligation to pay the $14,500 and keep a half interest in the land, which would entitle them to retain their interest in the patent, and also their interest in the oil, if any was produced.'' Zamboni's testimony was as follows: ''Bessolo said, 'I will give you an equity apiece, $3,000, and then pay you the balance as it becomes due.' '' Capagna said: ''If those are the conditions that I am to receive that royalty and the profits and part of the patent, I will be glad to make the transfer . . . Relying upon that [referring to the statements of the defendant 'they,' the plaintiffs] deeded a half interest in this land.'' . The court then further says: ''I am satisfied that these people have an action against Bessolo requiring him to assign to them not only an interest in these profits, but an interest in these patents, and they are entitled to an accounting. As equity holders, they are entitled to an accounting to compel him to account to them for their

portion of what has been received out of the profits of the tongs. I do not think there is any doubt at all about that, and if that were before me, that would be the way I would hold under the present condition of the evidence in this case.'' The court then, upon authority of *Lawrence* v. *Gayetty,* 78 Cal. 126 [12 Am. St. Rep. 29, 20 Pac. 382], granted the defendant's motion for nonsuit. In addition to the fact that the court did not take into consideration that the plaintiffs were entitled to damages in a sum equal at least to the value of the equities as stated by the defendant and agreed to be transferred by the defendant to the plaintiffs, it is further urged upon this appeal that the evidence makes out a case warranting cancellation upon the grounds of fraud, to wit, misrepresentation. While the testimony as summarized by the trial court, and which we have set forth very briefly, does show that the plaintiffs are entitled to relief, the complaint in this action, as we read it, is almost silent with reference to the essential allegations necessary to justify a rescission on the grounds of fraud. There is no allegation in the complaint that the representations made by the defendant to the plaintiffs were untrue. There is no allegation in the complaint that the defendant had no intention of performing the material promises referred to in the complaint. There is an allegation in the complaint that the defendants relied upon the representations or promises of the defendant, but there is no allegation that they were in anywise deceived. Other shortcomings of the complaint might be mentioned, but the foregoing are sufficient to show its essential deficiencies. While the complaint was one for rescission, it nevertheless did set forth an action entitling the plaintiffs to relief. The trial court particularly expressed the relief to which the plaintiffs were entitled, as shown by the testimony; and a consideration of the summary of the complaint which we have set forth herein discloses practically every essential allegation to show damages suffered by the plaintiffs in at least the sum of $9,000, the value of the equities covering the patent to the rotary tongs agreed to be transferred and assigned by the defendant to the plaintiffs. Thus, there was no material variance between the allegations of the complaint and the testimony, even though the plaintiffs were seeking rescission. The allegations of the complaint showed the

plaintiffs' damages, and the testimony likewise establishes such damages. Thus, section 469 of the Code of Civil Procedure applies, wherein it is stated: "No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits." Therefore, the court should have followed section 470 of the Code of Civil Procedure which reads: "Where the variance is not material, as provided in the last section, the court may direct a fact to be found according to the evidence, or may order an immediate amendment without costs." The essential averments alleging fraud that should be in the complaint, and which are wanting here, are fully set forth in 12 California Jurisprudence, 806, section 64, and the authorities there cited, and also in the recent case of *Towels et al.* v. *Campbell et al.*, 204 Ky. 591 [50 A. L. R. 175, 264 S. W. 1107].

Upon the case thus made the court should have followed the latter portion of the rule laid down in the case of *Lawrence* v. *Gayetty, supra,* and supported by the case of *Schott* v. *Schott,* 168 Cal. 342 [143 Pac. 595], and *James* v. *James,* 80 Cal. App. 185 [251 Pac. 666], and instead of granting a nonsuit, denied the same, with permission or direction to the plaintiffs to amend their complaint to conform to the proofs.

In view of what has been said in this opinion, and in the opinion deciding the companion case of *Masero* v. *Bessolo,* it would serve no useful purpose to enter into a consideration of the testimony establishing fraud, as claimed by the appellant, for the simple reason that reversal could not be had upon that ground by reason of the deficiencies of the complaint, and for the further reason that upon a retrial, which must be ordered upon other grounds, the deficiencies in the testimony may be supplied by questions propounded and based upon what we have said should be in the complaint to sustain rescission on account of fraudulent misrepresentations. This being an action in equity, and the case stated showing that the plaintiffs are entitled to relief, either by way of damages or by way of an accounting and judgment for their share in the profits, and that the motion for nonsuit was granted notwithstanding such facts, it is hereby ordered that the judgment be,

and the same is hereby, reversed, and the trial court further directed to permit the plaintiffs to amend their complaint, if so advised, so as to enable the plaintiffs to obtain such relief as the testimony may show them to be entitled.

Hart, J., and Finch, P. J., concurred.