[Civ. No. 8014. First Appellate District, Division One.—January 6, 1932.]

ROBERT B. · McCLELLAN, Appellant, v. STATE OF CALIFORNIA, Respondent.

Robert B. McClellan, *in pro. per.*, and A. A. Sanderson for Appellant.

U. S. Webb, Attorney-General, and Charles A. Wetmore, Jr., Deputy Attorney-General, for Respondent.

ATTERIDGE, J., *pro tem.*—Appellant, as the assignee of some 142 corporations, brought this action to recover a sum approximating $173,000 from the State of California. In his briefs he contends that this amount was illegally exacted and collected from his assignors as corporation franchise taxes in the year 1915. Judgment went against him in the court below, and we are constrained to affirm the same on appeal for the reason that his contention is wholly unsupported either by pleading or proof.

Appellant states his contention as follows: "There is but one point at issue in this case, namely, whether the method adopted by the State Board of Equalization in fixing the

said franchise tax for the year 1915, of the foreign corporations included in this action, to-wit, by using as a basis for computation the market value of all of the *authorized capital stock thereof,* was legal.''

■ There is nothing either in the pleadings or in the evidence adduced on the trial which tends in the slightest degree to support the assumption of appellant that the state board of equalization adopted and exercised the method of computation he thus ascribes to that body.

The complaint in its amended and supplemental finality attempts to set forth two alternative causes of action. Aside from certain purely formal allegations, the first cause of action merely sets forth: (1) That the board of equalization determined the actual cash value of the respective franchises of the various assignor corporations on a specified date and levied taxes thereon in certain specified sums; (2) that the assignor corporations paid said taxes under protest, and filed with the state controller a written protest, which said protest is attached to the complaint as an exhibit and made a part thereof by reference; (3) that the various and several choses in action were duly assigned to plaintiff.

The utter failure of the recited group of facts to state a cause of action is too obvious to warrant comment, and this deficiency of the pleading is in nowise cured by its reference to the written protest pleaded as an exhibit. Not only does the written protest fail to specify the ground urged in appellant's above-quoted contention, but even had it done so it would nevertheless have been wholly insufficient in such form to tender the feigned issue raised by the briefs, which of necessity was a matter of substance.

■ '' 'Matters of substance *must* be alleged in direct terms and not by way of recital or reference, much less by exhibits merely attached to the pleading. Whatever is an essential element to a cause of action must be presented by a distinct averment, and cannot be left to an inference to be drawn from the construction of a document attached to the complaint.' '' (Italics ours.) (*Los Angeles Humane Society* v. *Adler,* 46 Cal. App. 35, at page 36 [188 Pac. 827].) The court, in declaring as above, said: ''The principal point made upon this appeal is that the complaint failed to state a cause of action . . . , and with this contention we agree''—for the above-stated reason.

█ The second or alternative cause of action set forth in appellant's complaint is in the form of the common count for money had and received. Conceding, in accordance with appellant's contention, that under the authority of *Welsbach Co.* v. *State of California,* 206 Cal. 556, 558 [275 Pac. 436], that this is a sufficient pleading upon which to recover money illegally collected and retained by the state, the burden of establishing such illegality nevertheless remains and rests squarely upon the party seeking recovery.

"The fact that the money sued for was paid by the plaintiff to the defendant raises no presumption that it was so paid for the use of the plaintiff, but, on the contrary, the presumption is that it was due the defendant." (17 Cal. Jur. 635; Code Civ. Proc., sec. 1963, subd. 7.)

Consequently, in order to warrant a recovery in the present case, it was essential for appellant to establish by competent proof that the state board of equalization did in fact adopt and exercise an illegal method of computation in its assessment of the corporation franchise taxes involved herein. As previously stated, we find the record wholly destitute of any evidence upon this essential requirement.

█ We will not and ought not presume that the state board of equalization adopted an illegal method of taxation in the absence of allegations and proofs to that effect.

█ In avoidance of the deficiency of evidence that exists in the present case upon its asserted and in any event most vital issue, appellant refers us to certain alleged understandings claimed to have been had prior to the trial with counsel representing the State. Even if it be conceded that the State's counsel had the power to bind the State in an action of this character through stipulations having the effect of dispensing with proofs which otherwise would be of vital necessity (a proposition which we gravely doubt, but find unnecessary to herein determine), the alleged agreement with the deputy attorney-general relied upon by appellant did not have the effect he ascribes to it of waiving the production of essential proof. The only portion of the claimed understanding which is in writing merely states that: "While the answer is in the form of a general denial which is now authorized by the statute by this it is not to be intimated that we intend to put you to *proof upon formal*

*matters such as the corporate capacity of your assignors."*
(Italics ours.) The method of computation actually used by the state board of equalization was, of course, not a "merely formal matter"; on the contrary, it was the very crux of plaintiff's action. With respect to the remaining portion of the alleged understanding, it suffices to state that it rests entirely upon the oral testimony of plaintiff ascribing certain verbal statements to defendant's attorney, clearly in such form in excess of the latter's authority, which as expressly limited by subdivision 1 of section 283 of the Code of Civil Procedure was solely:

"To bind his client in any of the steps of an action or proceeding by his agreement filed with the clerk, or entered upon the minutes of the court *and not otherwise."* (Italics ours.)

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 5, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 3, 1932.