[L. A. No. 16185. In Bank.—March 30, 1940.]

CALIFORNIA TRUST COMPANY (a Corporation), Respondent, v. DAVID G. GUSTASON, Appellant.

William G. Condron for Appellant.

Swanwick, Donnelly & Proudfit and Donald O. Welton for Respondent.

GIBSON, J.—Plaintiff sued to quiet title to three lots in Los Angeles. Defendant answered, admitting that he claimed an interest in the property, and denying that his claim was without right; alleging that he entered into certain agreements for the purchase of the property under promises more particularly set out in his cross-complaint, and that he served plaintiff with a notice of rescission when he discovered fraud had been perpetrated upon him; and further alleging that at the time of the discovery of the fraudulent misrepresentations he had complied with all the covenants and conditions to be performed by him. As an affirmative defense, defendant alleged that another action was pending between the same parties involving the same subject matter. Defendant prayed that the agreements be declared a lien upon the property. Defendant also filed a cross-complaint, alleging that in reliance upon certain fraudulent representations he had been induced to enter into purchase agreements for this property. He prayed for judgment in the sum of $11,356, paid by him prior to the discovery of the alleged fraud, and asked that the same be declared to be a lien on the property.

General and special demurrers to both the answer and cross-complaint were filed by the plaintiff. After twice permitting amendments the trial court sustained the demurrers without

leave to amend. Judgment was then entered quieting title in plaintiff, and defendant appealed.

■ At the time the demurrers were sustained, without leave to amend, defendant made no request for such leave. Under the rule of law then prevailing, before the enactment in 1939 of section 472c of the Code of Civil Procedure, no claim of abuse of discretion in denying such leave could be made. (See *Fitzpatrick* v. *Fidelity etc. Co.*, 7 Cal. (2d) 230 [60 Pac. (2d) 276].) ■ This is apparently conceded by defendant, his argument being that the answer pleads a defense, and that the cross-complaint states a cause of action. But in view of the fact that special as well as general demurrers were sustained, the judgment must be affirmed, even though this be true, if any grounds of the demurrer are good as to both pleadings.

■ Examining the answer, we find that in the first paragraph defendant by denying two distinct propositions stated conjunctively in the complaint, admits ownership and title in the plaintiff. The complaint alleged that " . . . plaintiff is now and at all times herein mentioned as to it was the owner of the following described real property . . . " The answer read " . . . defendant denies that plaintiff is now and at all times herein mentioned is the owner of that certain real property described in the complaint." The courts have long held that such a denial results in an admission of the allegation—in this case ownership in the plaintiff—for the reason that such a denial is evasive, and either averment might be true, even though together they may not be. (*Janeway & Carpender* v. *Long Beach Co.*, 190 Cal. 150 [211 Pac. 6].)

■ However, such an admission of title or ownership in the plaintiff would not be conclusive against the defendant's case, if he alleged facts establishing a right to a lien upon the property. In this connection the answer admits that defendant claims some right, title and interest in the property, and alleges that "under date of May 6, 1929, and May 8, 1929, he entered into certain agreements for the purchase of said real estate, under the provisions and conditions therein contained and under additional promises and agreements made to him by the plaintiff and its agents, as hereinafter more particularly set out in defendant's cross-complaint" and that "copies of the agreements above referred to were recorded, respectively, in book 11787, page 179, and in book 11784 at

page 203 of the Official Records of Los Angeles County and remain of record and uncancelled''. It is further alleged that when defendant ''discovered that fraud and misrepresentation had been perpetrated upon him, he immediately, and to wit; on or about November 10, 1932, served on plaintiff personally, Notice of Rescission and at said time offered to give to plaintiff quit-claim deed to the premises purchased by him, and demanded that it refund to him the sum of $11,356.40, which he had paid to said plaintiff, prior to the discovery of the fraud and misrepresentation. Copy of Notice of Rescission served on plaintiff is hereto attached, marked Exhibit 'A' and made a part hereof; that at the time of the discovery of the fraudulent misrepresentations, defendant and cross-complainant had complied with all the covenants and conditions to be performed by him.''

It is on the basis of the foregoing allegations that defendant claims a lien on the property. His theory is, in substance, that this part of the answer sufficiently pleads the defense of fraud in the inducement of contracts for the sale of the property. Assuming that there might in these facts be a defense if it were properly pleaded, the insufficiency of the pleading is obvious. The agreements were not pleaded at all, either *in haec verba* or according to their legal effect. No statement is made as to their terms or conditions, and it cannot be determined what right or title these agreements, or their alleged fraudulent procurement, conferred upon defendant, or how it was conferred. ■ Nor are the necessary elements of fraud pleaded. Defendant charges in legal conclusions that he discovered that ''fraud and misrepresentation had been perpetrated upon him''. Not a single false representation is set forth, there is no allegation of knowledge of falsity on the part of plaintiff, and no allegation of reliance on the representations by defendant. (See *Harding* v. *Robinson,* 175 Cal. 534 [166 Pac. 808]; *Azarello* v. *Bessolo,* 87 Cal. App. 272 [262 Pac. 66]; *Griswold* v. *Morrison,* 53 Cal. App. 93 [200 Pac. 62]; *Swasey* v. *De L'Etanche,* 17 Cal. App. (2d) 713 [62 Pac. (2d) 753].) ■ It is true that the notice of rescission, attached to the answer as an exhibit, contains recitals of false representations upon which defendant claims he relied. But such inferential pleading is, of course, wholly insufficient; it is not the duty of a court to ferret out necessary elements of a cause of action or defense by referring to

exhibits attached to a pleading. As the court said in *Burkett* v. *Griffith,* 90 Cal. 532 [27 Pac. 527, 25 Am. St. Rep. 151, 13 L. R. A. 707], ''Matters of substance must be alleged in direct terms and not by way of recital or reference, much less by exhibits merely attached to the pleadings. Whatever is an essential element to a cause of action must be presented by a distinct averment, and cannot be left to an inference to be drawn from the construction of a document attached to the complaint.'' (See, also, *McClellan* v. *State of California,* 119 Cal. App. 535 [6 Pac. (2d) 994].)

But even if the fraud were properly pleaded, it would not constitute either a defense or counterclaim. The recitals in the notice of rescission, if treated as allegations in the answer, would not support any claim of right, title or interest in the property involved, and therefore are not a defense to an action to quiet title. Such allegations do not tend to diminish or defeat the plaintiff's recovery, and are not a proper ground for counterclaim. In a similar situation in *Hanes* v. *Coffee,* 212 Cal. 777, 778, 780 [300 Pac. 963], the court said: ''The complaint seeks to quiet title; the counterclaim is for damages. The granting of the recovery prayed for in the counterclaim would not diminish or defeat the plaintiff's recovery; it would not affect the relief demanded in the complaint in the slightest degree.''

Furthermore, the answer is manifestly bad as against the special demurrer for uncertainty, ambiguity, and unintelligibility. It is impossible to tell what right, title or interest defendant claims to have in the property; or whether he claims title, a lien, or some other interest; or whether he claims any such interest in the whole or in some part thereof.

The answer finally alleges as a separate affirmative defense that ''there is now pending in the Superior Court of the State of California in and for the county of Los Angeles, Case No. 360896 wherein the same parties are litigant. That the same subject matter is involved in said action as in case No. 404719 herein, to-wit, the Agreement For Sale of Real Estate between the California Trust Company, a Corporation, plaintiff herein and David G. Gustason, the defendant herein.'' As an attempted plea in abatement, this allegation must also fall before the special demurrer. It does not state when the other action was brought, what the cause of action was, nor what relief was demanded. (See *Scheeline* v. *Mosher,* 172

Cal. 565 [158 Pac. 222]; *Fresno Investment Co.* v. *Russell* (1921), 55 Cal. App. 496 [203 Pac. 815]; *McCormick* v. *Gross,* 135 Cal. 302 [67 Pac. 766].)

The cross-complaint more fully sets forth defendant's claim of fraud in the agreement of sale of the property. Plaintiff demurred on the ground, among others, that "Defendant's second amended cross-complaint does not state facts sufficient to constitute a cause of action for the reason that the cause of action, if any, therein alleged is barred by the provisions of subdivision 1 of section 339 and subdivision 4 of section 338 of the Code of Civil Procedure." These sections require that an action be brought within two or three years respectively after discovery of fraud. Appellant alleges that he discovered the fraud in November, 1932. The complaint was filed in July, 1936, and the cross-complaint in August, 1936. The statute of limitations may be set up as a bar to a cross-complaint if the statute has run before the complaint was filed, as was the case here. (*Whittier* v. *Visscher,* 189 Cal. 450 [209 Pac. 23].) It is therefore obvious that defendant's cause of action based on fraud was barred by the statute.

It appears that none of defendant's pleadings is good, and that the demurrers were properly sustained.

The judgment is affirmed.

Shenk, J., Curtis, J., Edmonds, J., and Waste, C. J., concurred.

HOUSER, J., Concurring.—I concur in the judgment; but I do so reluctantly. If the statements made in the several pleadings of defendant may be assumed to be true, as a matter of justice he is entitled to some equitable consideration. And although it may be true that so-called "authorities" support the judgment, in my opinion, to deny any relief whatsoever in the face of pleaded facts which, if established, should result in some sort of judgment in favor of defendant, savors of a yielding to form rather than a reliance upon substance. Generally speaking, application of the rule of "*stare decisis*" may be an aid to the administration of justice; but when it becomes apparent that an injustice will result, ancient declarations of law—which may have been unquestionable with reference to situations with which former courts were faced—

should not now be permitted to prevail. In these days when liberality in pleading is being so insistently urged by the lawyers of our country, it would seem unfair to refuse to entertain a probable defense to an action, or a good cross-complaint thereto, for the sole reason that facts which were apparently sufficient to authorize some sort of relief to defendant were poorly pleaded or were not presented in accordance with established "form". Although reasonable and sound rules for pleading may not and should not be wholly disregarded, neither should pure technicalities nor "red tape" of any sort with respect to such rules be recognized as even persuasive in affording a sufficient reason for a denial of simple justice.

Carter, J., concurred.