(No. 6923. September 30, 1941)

WILSE A. NIELSON, Appellant, v. BOARD OF DIRECTORS OF BIG LOST RIVER IRRIGATION DISTRICT, Respondent.

(117 Pac. (2d) 472)

Robert M. Kerr, Jr., and Miss M. E. Schmitt, for Appellant.

John W. Jones, for Respondent.

MORGAN, J.—In appellant's third amended petition is alleged that on and immediately before December 20, 1926, Louis T. Miller & Sons, hereafter called Miller &

Sons, owned the Northeast Quarter of Section 12, in Township 3 North, Range 26, and Lots 1 and 2 and the East Half of the Northwest Quarter of Section 7 in Township 3 North, Range 27 East, Boise Meridian, in Butte County, Idaho, which property was within, and a part of, Big Lost River Irrigation District, hereafter called the district, and was the only real estate within said district owned by Miller & Sons; that on or about December 20, 1926, Miller & Sons, together with other landowners within the district, filed petitions with its board of directors wherein they alleged they were the owners of a good and sufficient water system which was adequate for the irrigation of their lands and which was independent of the water system of the district, and for that reason, their said lands, including those of Miller & Sons, would not and could not be benefited by the district; that thereafter said petitions were heard by the board of directors and it made and entered an order refusing to exclude the lands of petitioners, including those of Miller & Sons, from the district; that an appeal was duly taken by the petitioners, including Miller & Sons, from said order, to the district court; that a hearing thereof was had and, on or about March 1, 1928, said court made and entered its judgment and decree that the order of the board of directors of the district, denying the petitions, be reversed and the board was, by said order directed to grant the prayer of the petitions and detach and exclude said lands, and all of them, from the district, as of the date of the first meeting of the board after the filing of the petitions therewith, and to change the boundaries of the district so as to detach and exclude the lands therefrom. It was further ordered that lands so excluded should be liable for their proportionate share of indebtedness of the district existing as of the date of the first meeting of the board after filing the petitions. A copy of the judgment excluding lands from the district is set out in the third amended petition. The lands which the judgment directed to be excluded from the district are neither described in appellant's third amended petition, nor in the judgment copied therein. The following appears in the judgment:

. "Said board is hereby ordered and directed to grant the prayer of said petitions and detach and exclude the lands of the appellants, and each of and all of them, from said irrigation district, as of the date of the first meeting of said board after the filing of said petitions therewith, and to change the boundaries of said district so as to detach and exclude said lands and premises."

Appellant further alleged in his third amended petition:

"That the said judgment and decree referred to the above described premises and every parcel thereof as owned by the said petitioner, Louis T. Miller & Sons, and did not refer to any other lands except separate and distinct lands owned by other petitioners mentioned in said decree, and that it was the decision of this court that the said land herein described and every part and parcel thereof be excluded from the said irrigation district."

It is also alleged that the board of directors of the district failed, neglected and refused to obey the order to exclude and detach the lands of Miller & Sons from the district and that, prior to the filing of the third amended petition, appellant became, and is, the successor in interest of Miller & Sons and the owner of the property described in the third amended petition, and the whole thereof, together with all rights connected therewith as the said lands were formerly owned by Miller & Sons. Appellant further stated in his third amended petition that the board of directors of the district had been and then was imposing taxes and assessments on and against the Northeast Quarter of Section 12, Township 3 North, Range 26 East, Boise Meridian, and was threatening to continue to do so; also,

"That the said Irrigation District and the directors thereof have made demand upon and collected assessments as follows: on or about December 19, 1938, the sum of Sixty-three and 49/100 ($63.49) Dollars and on or about April 22, 1939, the sum of Three Hundred Twenty-eight and 21/100 ($328.21) Dollars, as and for assessments levied against the said Northeast Quarter of Section 12, Township 3 North, Range 26 E. B. M., as and for water assessments for the years 1935, 1936, 1937 and 1938."

It is also alleged that all indebtedness of the district, at the time of the first meeting of the board after the filing of the petitions had been paid.

Appellant prayed that respondent be required to show cause why it had not complied with the decree directing the exclusion of the Northeast Quarter of Section 12, Township 3 North, Range 26 East, Boise Meridian, from the district; that the court make and enter a proper judgment and decree excluding said land from the district; that petitioner, appellant herein, have judgment against the district for $63.49, together with interest thereon from December 19, 1938, and for $328.21 together with interest thereon from April 22, 1939, and for all other amounts of money which might be shown on the hearing to have been collected by the district on account of assessments levied on said land since the date of the judgment and decree theretofore excluding it from the district; that the district be enjoined from levying, or attempting to levy, any further taxes or assessments against said property, and for petitioner's costs and such other and further relief as might be proper.

Respondent demurred to the third amended petition on the ground that it does not state facts sufficient to constitute a cause of action against it, or sufficient to entitle appellant to the relief prayed for, or any relief; also that it is ambiguous, unintelligible and uncertain, in particulars set out in the demurrer. It was further alleged in the demurrer that petitioner has not legal capacity to sue or to petition the court; that the cause of action, or petition, attempted to be set forth by petitioner is barred by the provisions of subdivision 1, sec. 5-215; that the cause of action, or petition, attempted to be set forth, is barred by the laches of petitioner under sec. 5-905.

The demurrer was sustained and appellant failed to further plead. An order was made and entered dismissing the third amended petition, from which petitioner has appealed to this court.

In the transcript and briefs, the case is entitled as follows: "B. B. Harger, William O. Putnam, Joseph W. Anderson, Rulon J. Anderson, R. W. Ferris, Jennie L. Ferris, George L. Ferris, Louis T. Miller & Sons, Jennie

Murray, Paul M. Paulson, Frank E. Harger and Mrs. Frank E. Harger, Appellants,—vs.—Board of Directors of Big Lost River Irrigation District, Respondent," that being the case wherein Nielson's petition was filed. None of the persons named in the transcript and briefs as appellants has appealed from the order, nor has any of them an interest in the case presented to us for decision. We have, therefore, amended the title and caused it to read as first above stated.

Appellant has not plead the invalidity of the decree which he alleges excluded his lands from the district. Therefore, the necessity that the court now "enter a proper judgment and decree" excluding said land from the district is not apparent. He has not shown himself to be entitled to that relief.

Assuming, but not deciding, that the court has jurisdiction to enter a money judgment in a proceeding of this kind, there is no allegation in the third amended petition as to when or how appellant became successor in interest of Miller & Sons, nor is it alleged who made the payments which appellant complains have been wrongfully collected by the district. The allegations of the third amended petition with respect to these assessments, and the collection thereof, are insufficient to sustain a judgment for their recovery by appellant.

If land which cannot derive a benefit from an irrigation district is included therein, I. C. A., Tit. 42, chapt. 11 provides for its exclusion. Section 42-1101 is as follows:

"Any person or persons owning land within any irrigation district and forming a part thereof may file with the board of directors of such irrigation district a petition in writing, duly verified, setting forth that such lands named in the petition are a part of such irrigation district and that the lands so described are too high to be watered from water owned and controlled by said irrigation district or that the owners of the lands described have installed a good and sufficient water system independent of the water system of such irrigation district for the irrigation of their lands because of the failure caused by the district not owning a sufficient water

right of the irrigation district to furnish an adequate water supply therefor, and describing in a general way the independent system which supplies such lands with water or alleging in such petition that the lands described therein are not agricultural or farming land, and setting forth the character of such lands, and praying in such petition for the exclusion of the land or lands described from such irrigation district."

Section 42-1103 requires that the board of directors of the irrigation district hear the petition and provides:

"When the allegations of such petition are established, the board must make an order forthwith changing the boundaries of such district so as to exclude the lands described in such petition which the proof has established to be entitled to exclusion, and thereafter the lands so excluded shall not form a part of such irrigation district for any purpose except as hereinafter provided: provided, however, that the lands so ordered excluded shall not be relieved of their obligation to pay their proportionate share already created and existing of any bonded indebtedness of such irrigation district, and such lands shall remain a part of such irrigation district for the purpose of discharging such bonded indebtedness."

Section 42-1104 provides:

"An appeal shall lie from the decision of the board of directors of such irrigation district denying the petition or any part thereof to the district court of the county where the lands described in the petition are located. * * *"

These sections require that a landowner, desiring to have his land excluded from an irrigation district, shall describe it in his petition filed with the board for that purpose.

The judgment directing the exclusion of the land of Miller & Sons does not contain a description of it, but reference is therein made to the petition filed with the board of directors of the district for its exclusion. Appellant has not alleged in his third amended petition that the Northeast Quarter of Section 12, Township 3 North, Range 26 East, Boise Meridian was described in the petition to the board, nor in the appeal to the district court. That petition is not before us and if it was before

the district court the record here does not show it. We are asked to draw the inference from the allegations, heretofore referred to, that the ownership, status and condition of that quarter section of land was before the district court and was by it adjudged and decreed to be excluded from the irrigation district.

It is alleged in the petition, as heretofore quoted, that the judgment and decree referred to the land of Miller & Sons, and to none other, except the property of other petitioners, and that it was the decision of the district court that the Miller & Sons land be excluded from the irrigation district. Such allegations are not of ultimate facts but are statements of conclusions. In *Olin v. Honstead,* 60 Ida. 211, 221, 91 Pac. (2d) 380, 384, we said:

"When the sufficiency of a pleading is questioned by general demurrer, the pleader's conclusions cannot be made to take the place of indispensable facts. *Ollis v. Orr,* 6 Ida. 474, 56 Pac. 162; *Abrams v. Jones,* 35 Ida. 532, 207 Pac. 724; *Mole v. Payne,* 39 Ida. 274, 227 Pac. 23; *Whiffin v. Union Pacific R. R. Co. ante,* p. 141, 89 Pac. (2d) 540."

In 21 R. C. L. 445, § 9, it is said:

"It is a rule of general application that a pleader must state the facts of his case by averments direct and positive, and not leave them to be deduced by argument and inference, or from mere recitals, and much less by exhibits merely attached to the pleading. If he omits essential facts therefrom, or states such facts therein as show that he is not entitled to relief, he must suffer the consequences of his pleading, for in such case he fails to state the facts constituting a cause of action and the pleading is demurrable."

See, also, *Supply Ditch Co. v. Elliott,* 10 Colo. 327, 15 Pac. 691; *Los Angeles Humane Society v. Adler,* 46 Cal. App. 35, 188 Pac. 827.

In *Supply Ditch Co. v. Elliott, supra,* the Supreme Court of Colorado said:

"As to the rules of pleading which it is necessary to examine here, it may be said that it is elementary that a demurrer admits all the material facts well pleaded in the

pleading to which the demurrer applies, and all the necessary intendments and inferences of and from such facts, but no more, and that, as to all facts not alleged in a pleading attacked by a demurrer, or arising from necessary inference out of the facts alleged, they are assumed not to exist. *Jones v. Latham*, 70 Ala. 164, in which case a demurrer was filed to a bill in equity, and the court held the following language: 'It is our duty to construe the bill most strongly against the pleader, and, on such a motion as this, to hold that every material fact not averred does not exist'; citing *Cockeral v. Gurley*, 26 Ala. 405; *Lucas v. Oliver*, 34 Ala. 631. In the next place, argumentative pleading is bad, under all systems of pleading in this country."

While a demurrer admits all material facts well pleaded, and all necessary intendments and inferences therefrom, failure of a pleader to allege material facts necessary to his cause of action or defense raises a presumption they do not exist.

Because of appellant's failure to allege that his land was described in his predecessor's petition to the board of directors of the irrigation district, and because his petition shows his land was not described in the judgment excluding lands from the district, it is ambiguous, unintelligible and uncertain and does not state facts sufficient to constitute a cause of action, or any ground for relief, against respondent. The petition is not demurrable on the other grounds stated in the demurrer.

If a clerical error has occurred in the decree, excluding lands from the district, and appellant desires that it be corrected so as to speak the truth, he should follow the recognized procedure to accomplish that end.

The demurrer on the ground of insufficiency of facts stated, and on the ground that the third amended petition is ambiguous, unintelligible and uncertain, was properly sustained and the order dismissing it is affirmed. Costs are awarded to respondent.

BUDGE, C.J., HOLDEN and AILSHIE, JJ., concur.

GIVENS, J. (dissenting)—I dissent because it is per-

fectly clear from appellant's pleading, without resort to inference, that he substantially stated he is now the owner of lands formerly owned by Miller & Sons, and that when owned by Miller & Sons these lands were ordered excluded from respondent irrigation district as not benefited thereby, and appellant seeks in this action to have the district recognize and give effect to said exclusionary decree.