[Civ. No. 18234.   First Dist., Div. Two.   Feb. 16, 1959.]

A. LINCOLN, Appellant, v. W. TURNEY FOX et al., Respondents.

A. Lincoln, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Delbert E. Wong, Deputy Attorney General, for Respondents.

DRAPER, J.—Demurrer to amended complaint was sustained without leave to amend. Plaintiff appeals from judgment of dismissal thereafter entered. The amended complaint alleges denial by a District Court of Appeal of an application for writ of habeas corpus. In identical terms, a separate cause of action is alleged against each of three members of that court.

The pleading alleges that the action is brought under Penal Code, section 1505, which provides: "If any judge, after a proper application is made, refuses to grant an order for a writ of habeas corpus, . . . he shall forfeit and pay to the person aggrieved" an amount not exceeding a specified sum. Application for the writ of habeas corpus is made by petition. "If the imprisonment is alleged to be illegal, the petition must also state in what the alleged illegality consists." (Pen. Code, § 1474.)

The amended complaint alleges only that each judge "did unlawfully fail and refuse" to grant an order for the writ after "proper application therefor." ▮ However, copy of the petition filed with the District Court of Appeal is attached to and made a part of the pleading. This petition alleges that petitioner is confined "under a void and invalid

order of contempt, made by the Superior Court.'' The only specifications of the alleged invalidity are that the ''reporter's transcript of all the testimony . . . contains no more than gossip''; that ''the accusatory affidavit is defective and insufficient''; the ''contempt proceeding has been fixed, rigged and prejudged''; and the county jail ''is unsafe, unfit, overcrowded, and has been condemned.''

It is apparent that these allegations are but conclusions. An appellate court is entitled to and does ''require of a convicted defendant that he allege with particularity the facts upon which he would have a final judgment overturned.'' (*In re Swain*, 34 Cal.2d 300, 304 [209 P.2d 793]; see also *In re Razutis*, 35 Cal.2d 532 [219 P.2d 15].) The petition for the writ must show facts entitling the petitioner to be discharged. (*In re Shelton*, 178 Cal. 552 [174 P. 31]; *In re Williams*, 44 Cal.App. 510 [186 P. 610].) Plaintiff, seeking damages, cannot claim the benefit of greater presumptions than attach to an incarcerated person seeking relief from imprisonment. Judges commonly are lenient in overlooking technical deficiencies in the petitions of incarcerated petitioners. But they are entitled, if not required, to insist upon at least some compliance with the rules of pleading. Under the most lenient view, the petition alleged by plaintiff failed to establish any ground for issuance of the writ.

The petition to the District Court of Appeal does state that a transcript ''is filed herewith.'' That transcript is not in the record here, is not referred to in the briefs, and is not shown to have been before the superior court. Even if it were, the latter court would not be required ''to ferret out necessary elements of a cause of action . . . by referring to exhibits attached to a pleading.'' (*California Trust Co.* v. *Gustason*, 15 Cal.2d 268, 272-273 [101 P.2d 74].)

The petition also states that applicant's request for counsel ''was ignored and refused.'' The petition does not show whether the contempt alleged was ''in the immediate view and presence of the court.'' If it were, the proceedings for punishment would be wholly summary in character. (Code Civ. Proc., § 1211; 12 Cal.Jur.2d, Contempt, § 57.) Appellant's complaint apparently is not that counsel engaged by him was denied the right to appear in his behalf, but only that the trial court failed to appoint counsel for him in the contempt proceeding. He cites no authority requiring appointment of counsel by the court in proceedings involving an indirect

contempt. In any event, the petitioner for habeas corpus must show that deprivation of counsel ''resulted in an unfair trial or in substance in no trial at all.'' (*In re Egan*, 24 Cal.2d 323, 337 [149 P.2d 693].) No such showing is even attempted here.

We do not find it necessary to pass upon the question whether section 1505 attempts to subject a judicial officer to personal liability for the exercise of discretion, nor whether such an attempt would be constitutional. (See *State* ex rel. *Walker* v. *Dobson*, 135 Mo. 1 [36 S.W. 238, 242].) ▇ The amended complaint here states no cause of action under any construction of that section. Since the deficiencies lie in the petition for the writ, leave to amend the amended complaint would serve no purpose.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 15, 1959.