296 P.2d 1033

Elwood C. THOMAS, Plaintiff-Appellant,

v.

S. L. CATE, Jr., Albert E. Minton and J. Frank Julian, Defendants-Respondents.

No. 8371.

Supreme Court of Idaho.

May 4, 1956.

Anderson & Anderson, Pocatello, for appellant.

O. R. Baum, Ruby Y. Brown and L. Charles Johnson, Pocatello, for respondents.

ANDERSON, Justice.

The amended complaint alleged that the defendants were operating under the fictitious name and style of Bannock Steel and Tank Co. in the city of Pocatello, Idaho, at all times mentioned in the amended complaint. It is further alleged that on April 1, 1954, the plaintiff and defendants entered into a written contract entitled "Lease Agreement" whereby plaintiff leased a certain Ford truck tractor with a semi-trailer to Bannock Steel and Tank Co., a copartnership, for 30 months with an option to renew the lease for an additional 30 months at a rental of 28 cents per mile of operation of the aforesaid equipment, plus a loading and unloading charge of $5 for each loading or unloading stop, the lessor to furnish a competent and licensed operator at his own expense, and all gasoline, oil and other operating sup-

plies needed, and to keep the property in repair.

It is alleged that on and after May 25, 1954, defendants violated the contract in that they have not used the equipment nor the services of plaintiff, nor have they paid plaintiff any money for the use of said equipment or for services after said date; that if they had lived up to the provisions of it, the plaintiff would have been able to clear a profit of $600 per month over and above all expenses, and over and above his wages as a truck driver (he driving the truck himself) in the sum of $400 per month; that he was damaged by reason of the breach of said contract by defendants in the sum of $27,000.

To this amended complaint, defendants filed a general demurrer, also a special demurrer based on the grounds of uncertainty, ambiguity, unintelligibility, and on the further ground that appellant's complaint showed a misjoinder of two causes of action, one seeking to recover for loss of the use of the truck and trailer, and the other seeking to recover a reasonable wage for plaintiff as driver, which respondent contends is not provided for in said contract, in that it provides only for the rental of the truck.

The trial court, after hearing the matter and considering the briefs submitted, ordered both the general and special demurrers sustained without leave to amend, as the court considered the defects in the amended complaint incapable of correction. The court then dismissed the action.

The determinative question in this case is whether or not the complaint states a cause of action, or could be made to do so if amendment were permitted.

The lease agreement does not provide that the equipment or the services of the driver will be used at any time, or at all. There is no minimum or maximum limit as to the amount of use for any period. There is no obligation on the part of the defendants to use either the equipment or the services of the driver a single mile or a single stop. The lease agreement imposes no terms or duty upon defendants to use the equipment or services of the plaintiff or to pay him anything until such equipment or services are used.

The plaintiff does not allege nor contend that there was such use without payment. Plaintiff bases his complaint on an alleged breach of an express contract, but the contract does not set out an obligation assumed by the defendants, as above pointed out. Among the requisites of a complaint for breach of contract are allegations of the making of the contract, an obligation assumed by defendants, and their breach or failure to meet such obligation. Stone v. Bradshaw, 64 Idaho 152, 128 P.2d 844; 12 Am.Jur., Contracts, sec. 388, pp. 964–965.

In the case of Corthell v. Summit Thread Co., 132 Me. 94, 167 A. 79, 81,

·92 A.L.R. 1391, 1394, the court stated:

"There is no more settled rule of law applicable to actions based on contracts than that an agreement, in order to be binding, must be sufficiently definite to enable the court to determine its exact meaning and fix exactly the legal liability of the parties. * * * And a reservation to either party of an unlimited right to determine the nature and extent of his performance renders his obligation too indefinite for legal enforcement, making it, as it is termed, merely illusory."

It is stated in 12 Am.Jur., Contracts, sec. ·64, p. 555:

" * * * Damages cannot be measured for the breach of an obligation when the nature and extent of the obligation are unknown, being neither certain nor capable of being made certain.

" * * * The terms and conditions are not sufficiently definite unless the court can determine therefrom the measure of damages in the case of a breach. * * * an agreement for service must be certain and definite as to the nature and extent of the service to be performed, the place where and the person to whom it is to be rendered, and the compensation to be paid or it will not be enforced."

See also 12 Am.Jur., Contracts, sec. 66, p. ·558.

The only duty or obligation the defendants assumed in this case was to pay for use of the equipment and services if and when furnished by the plaintiff. They assumed no obligation to use either to any extent or at any time.

As far as the unexpired term of the lease agreement is concerned, the contract remains wholly executory on the part of both parties, and, lacking mutuality, it cannot be enforced. Want of mutuality of obligation strikes down the contract itself where it is executory. Wormward v. Taylor, 70 Idaho 450, 455, 221 P.2d 686.

" ' * * * the law will not hold a party bound to a contract against his will, when the substance of what he is to get in return is executory, and is so shadowy in its outline that the other party can refuse to perform with impunity, since either the contract does not compel it, or no court can say what damage it has caused if it fail to act.' " E. I. Du Pont de Nemours & Co. v. Claiborne-Reno Co., 8 Cir., 64 F.2d 224, 231, 89 A.L.R. 238.

We therefore hold that there was no enforceable contract, and that the complaint could not be amended to state a cause of action. Therefore the case of Paulsen v. Krumsick, 68 Idaho 341, 195 P.2d 363, relied upon by plaintiff in support of his contention that if a complaint states a cause of action for any relief the

demurrer should be overruled, is not applicable in this matter.

Judgment affirmed. Costs to respondents.

TAYLOR, C. J., and KEETON and SMITH, JJ., and BAKER, District Judge, concur.