996 F.2d 1226
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NORTH PACIFIC INSURANCE COMPANY, Plaintiff,
v.
Joel JUKER, Beny Freeman, and Clear Lakes Agency, Inc., Defendants,
Joel JUKER; Beny Freeman,
Defendant-counter-claimant-cross-claimants-appellants,
v.
NORTHERN PACIFIC INSURANCE COMPANY,
Plaintiff-counter-defendant-appellee,
and
Clear Lakes Agency, Inc.; Defendant-cross-defendant--Appellee.
NORTH PACIFIC INSURANCE COMPANY, Plaintiff-counter-defendant--Appellee,
v.
CLEAR LAKES AGENCY, INC.; Defendant-cross-defendant--Appellant,
and
Joel Juker; Beny Freeman,
Defendant-counter-claimant-cross-claimants--Appellees.
NORTH PACIFIC INSURANCE COMPANY,
Plaintiff-counter-defendant--Appellant,
v.
CLEAR LAKES AGENCY, INC.; Defendant-cross-defendant--Appellee,
Joel Juker; Beny Freeman,
Defendant-counter-claimant-cross-claimants--Appellees.
 Nos. 91-36157, 91-36167 and 91-36169.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1993.
Decided June 23, 1993.
 
 Before WRIGHT, FARRIS and D.W. NELSON, Circuit Judges.
 
 
 1
 Memorandum*
 
 
 2
 Joel Juker ("Juker") and Beny Freeman ("Freeman") directly appeal from a magistrate judge's ruling in favor of North Pacific Insurance Company ("NPIC") in NPIC's declaratory judgment action. Freeman's state court negligence claim for personal injuries sustained while driving Juker's truck was settled for $400,000. The magistrate judge found that the policy issued by NPIC did not cover Freeman's accident and held that the settlement amount was unreasonable; however, a jury found that NPIC was estopped from denying coverage based on representations made to Juker by Clear Lakes Agency, Inc. ("Clear Lakes"). Clear Lakes and NPIC appeal the denial of their motions for JNOV on the estoppel issue. We have jurisdiction under 28 U.S.C. §§ 636(c)(3) and 1291. We affirm in part and reverse in part.
 
 BACKGROUND
 
 3
 Juker owned two commercial trucks which he used to haul harvested corn for Green Giant Company. In 1986, Green Giant decided that haulers who had partnership agreements with their drivers would no longer be required to obtain worker's compensation insurance. Juker chose to go the partnership route, and obtained the disputed NPIC insurance policy through Clear Lakes Agency in 1987.
 
 
 4
 Freeman was one of Juker's drivers who operated under a 1987 partnership agreement. On September 26, 1987, while hauling a load of corn to Green Giant, Freeman crashed one of Juker's trucks into a dry canal bank and sustained serious injuries. Freeman sued Juker for negligently adjusting and maintaining the truck's brakes. NPIC defended under a reservation of rights and its retained counsel engaged in settlement negotiations. Freeman and Juker eventually settled for $400,000, and the state court entered judgment for that amount. Juker assigned his claims against NPIC and Clear Lakes to Freeman and, in return, Freeman signed a covenant not to execute upon any of Juker's assets.
 
 
 5
 Before the settlement, NPIC filed a declaratory judgment action in federal court against Freeman, Juker, and Clear Lakes, claiming that the accident fell under several express policy exclusions. Juker counterclaimed against NPIC for breach of contract and bad faith based upon NPIC's refusal to pay the $400,000 judgment. Juker also cross-claimed against Clear Lakes for breach of contract and negligence. The parties consented to proceed before a magistrate judge.
 
 
 6
 The court ruled that Juker's claims involved partnership activities, which were expressly excluded under the unambiguous language of the policy. However, the jury found that NPIC was estopped from denying Juker coverage based upon representations made by Clear Lakes. NPIC and Clear Lakes unsuccessfully moved for JNOV. The court then held the judgment amount to be unreasonable and suggested that the parties return to state court to litigate the issues of comparative liability and damages. The magistrate judge also dismissed Juker's counterclaims and cross-claims. All parties timely appealed.
 
 DISCUSSION
 
 7
 I. Reasonableness of the State Court Judgment
 
 
 8
 Relying on the testimony of Juker and the attorney whom NPIC retained in the state action, as well as case law from states other than Idaho, the magistrate held that the amount of the state court settlement was unreasonable and unenforceable in the federal action. We reverse because the magistrate had no authority under Idaho law to review the settlement amount.
 
 
 9
 As a general rule, an insurer who has notice of an action between an injured party and an insured will be bound by a judgment against the insured. See, e.g., 44 Am.Jur.2d Insurance § 1455 (1982). NPIC clearly had notice of Freeman's action. Although Idaho law provides for both permissive intervention and intervention as of right, NPIC did not seek to intervene in the underlying state action. See Idaho R.Civ.P. 24(a), (b). Had NPIC intervened, it would have been entitled to challenge the judgment in the state courts.
 
 
 10
 There are no reported Idaho cases regarding whether an insurance company may challenge the amount of a settlement which it negotiated pursuant to its duty to defend.[1] The district court based its ruling upon several cases from other jurisdictions which held that insurers should be allowed to challenge the reasonableness and good faith of these settlements.
 
 
 11
 The real concern in this type of case is that the settlement between the claimant and the insured may not actually represent an arm's length determination of the worth of the plaintiff's claim.... Due to this problem, the ordinary standard of collusion or fraud is inappropriate. Thus, we hold that in a case such as this, a settlement may not be enforced against the carrier if it is unreasonable in amount or tainted by bad faith.
 
 
 12
 Steil v. Florida Physicians' Ins. Reciprocal, 448 So.2d 589, 592 (Fla.Dist.Ct.App.1984) (citations omitted). See also Griggs v. Bertram, 443 A.2d 163, 171-74 (N.J.1982) (allocating burden of proof); Detroit Edison Co. v. Michigan Mut. Ins. Co., 301 N.W.2d 832 (Mich.Ct.App.1981); Alton M. Johnson Co. v. M.A.I. Co., 463 N.W.2d 277 (Minn.1990).
 
 
 13
 This reasonableness rule is not the law in Idaho. More importantly, these cases arose in a materially different factual context: in each case, the insurer who sought to litigate the issue of reasonableness had refused to defend the insured in the action which led to the settlement. None of these cases involved an insurance company who, like NPIC, retained an attorney to actively negotiate the settlement. Idaho law does not support the magistrate's reasonableness review, nor do these other jurisdictions support an extension of such review to settlements negotiated by the insurer's counsel. The court's decision had no basis in law.[2]
 
 II. Express Coverage
 
 14
 At trial, NPIC argued that Freeman's accident fell under several express policy exclusions. Juker and Freeman countered that the exclusions did not apply to the accident and that the policy was ambiguous. The court held that the policy was not ambiguous and that the exclusions applied, and granted NPIC's motion for directed verdict on the issue of express coverage. We affirm.
 
 A. Burden of Proof
 
 15
 Because "insurance policies are contracts of adhesion," exclusions are to be construed strictly. Moss v. Mid-America Fire and Marine Ins. Co., 647 P.2d 754, 756 (Idaho 1982). "[T]he insurer bears the burden of proving that the asserted exclusion is applicable." Viani v. Aetna Ins. Co., 501 P.2d 706, 718 (Idaho 1972), overruled in part on other grounds, Sloviaczek v. Estate of Puckett, 565 P.2d 564 (Idaho 1977). While acknowledging this standard, the magistrate judge instituted an inverse order of proof. Because the issue of express coverage was decided by the court alone, however, there was no danger that the trier of fact would be misled. We decline to reverse on these grounds.
 
 B. Ambiguity
 
 16
 Under Idaho law, whether the language of an insurance policy is ambiguous is a question of law for the trial judge. Foster v. Johnstone, 685 P.2d 802, 804 (Idaho 1984). If there is ambiguity, contract interpretation and meaning become questions of fact. Id. at 806. All ambiguities are to be resolved in favor of the insured. Foremost Ins. Co. v. Putzier, 627 P.2d 317, 321 (Idaho 1981).
 
 
 17
 In addition to the policy itself, Juker received a Certificate of Vehicle Insurance for the truck which was involved in the accident. We agree with the magistrate judge that there was no ambiguity between the Certificate and the written policy. As the court noted, "[t]he certificate repeats the policy number, [and] correctly identifies the named insured and the amount of coverage." The Certificate states that the truck is "covered" by the identified policy; it does not, however, state that such coverage is unconditional. The Certificate merely identifies, rather than expands, the written policy coverage.
 
 C. Express Coverage
 
 18
 The magistrate judge concluded that Coverage G excluded "coverage operations involving businesses and ownership and operation of motor vehicles." In addition, he found that Coverage J did "not provide coverage during the conduct of a partnership." The court's conclusions are supported by even a cursory reading of the provisions at issue.[3]
 
 
 19
 Juker and Freeman argue in the alternative that the accident did not involve a "partnership activity" or "business pursuit." They argue that Juker's liability arises only from his negligent adjustment of the brakes, which was neither Juker's "business" nor a partnership activity. However, the policy excludes bodily injury "arising out of" business and partnership conduct, and Freeman was clearly engaged in the business/partnership activity of hauling corn when the accident occurred.
 
 
 20
 Juker and Freeman also allege that the district court erred by not submitting the issue to the jury. Under Idaho law, "questions of application of policy provisions to the particular circumstances of each case are questions of fact, and must be decided on a case-by-case basis, whether or not the provisions themselves are found to be ambiguous." Foster, 685 P.2d at 806. Here, however, the activity in question was covered by the unambiguous policy exclusions as a matter of law, and no question of fact remained for the jury to decide. Because there was no factual issue for the jury to address, the district court did not err by refusing to submit the issue to the jury.
 
 III. Other Claims
 A. Clear Lakes
 
 21
 Juker cross-claimed against Clear Lakes for breach of contract and negligence in failing to procure an insurance policy which provided the coverage which he had requested. The magistrate judge held that since the jury found coverage by estoppel, Clear Lakes had in fact obtained coverage for Juker and the cross-claims were therefore moot. We agree. Juker got the benefit of his bargain with Clear Lakes in terms of coverage, even if not under the policy language itself. The district court did not err by dismissing the cross-claims.
 
 B. NPIC
 
 22
 A bad faith tort claim may be brought "where an insurer 'intentionally and unreasonably denies or delays payment' on a claim" and the insured suffers harm "not fully compensable at contract." White v. Unigard Mut. Ins. Co., 730 P.2d 1014, 1018 (Idaho 1986) (citation omitted). However, "[a]n insurer does not act in bad faith when it challenges the validity of a 'fairly debatable' claim...." Id. at 1020. Here, NPIC refused to pay the claim on the grounds that the accident fell under express policy exclusions. This position was vindicated at trial. Thus, the claim was "fairly debatable" and there was no bad faith.
 
 
 23
 The district court erred, however, in dismissing Juker's breach of contract claim against NPIC. "The purpose of the doctrine of estoppel in insurance cases is to enforce the contract as originally agreed upon by the parties." Lewis v. Continental Life & Accident Co., 461 P.2d 243, 248 (Idaho 1969) (emphasis added). Viewed in this light, NPIC breached its contract with Juker even if it did not breach the express terms of the written policy. We therefore remand with instructions to enter judgment for Juker on his breach of contract claim in the amount of $400,000.
 
 IV. Denial of JNOV
 
 24
 Under Idaho law, estoppel requires "[a] promise, reliance, detriment to the insured person, and consequential profit to the company." Lewis, 461 P.2d at 247. The profit element is satisfied where, as here, the insurance company receives the benefit of the insured's premium. Id. at 247. Pursuant to four special interrogatories, the jury found that NPIC was estopped to deny Juker coverage due to the representations of its agent Clear Lakes. Following the verdict, both NPIC and Clear Lakes unsuccessfully moved for JNOV. In denying the motions, the magistrate judge conducted a careful analysis of the elements of estoppel under the substantial evidence standard of review. We affirm.[4]
 
 
 25
 At trial, Juker testified that in March of 1987, when he sought a new insurance policy, he asked Clear Lakes "to find another company that would insure everything on one policy." The jury heard conflicting testimony from Clear Lakes representative William Assendrup, who denied telling Juker that he was covered for "everything." While the evidence was conflicting, the jury could assess the credibility of both witnesses.
 
 
 26
 The only evidence on the issue of reliance came from Juker himself, who stated that he had relied upon Clear Lakes to provide full coverage in the past and that he continued to rely on it to provide coverage after he began using the partnership agreements. The reasonableness of Juker's reliance was a jury question. Foster, 685 P.2d at 808. Without conflicting evidence, the jury could rely on Juker's testimony.
 
 
 27
 Clear Lakes contends that Juker failed to prove that he was damaged by his reliance because he failed to show that there was other insurance available which would have provided the coverage he desired and which he would have purchased without Clear Lakes' representations. Under Idaho law, however, the availability of other insurance is not an element of estoppel; instead, it is relevant to the jury's analysis of reasonableness. Foster, 685 P.2d at 809. The burden was not on Juker to show that other insurance was available; it was on NPIC and Clear Lakes to show that it was not available, and that Juker's reliance was unreasonable. Without such proof, there was substantial evidence to support the jury verdict.
 
 
 28
 Finally, NPIC argues that no agency relationship existed at the time of the representation because the only discussion of partnership agreements occurred in 1986, when Juker was insured through its previous insurer. As the district court noted, however, any prior discussion would have put Clear Lakes on notice that partnership agreements might be used; that prior knowledge would have been applicable to Clear Lakes' later dealings with NPIC. Given Assendrup's testimony regarding his knowledge of the Green Giant partnership agreements, and Juker's testimony that he informed Clear Lakes of his intent to use the agreements, there was substantial evidence to support the jury finding that Clear Lakes made a representation as NPIC's agent.
 
 V. Attorney's Fees
 
 29
 Finally, Juker and Freeman contend that they are entitled to attorney's fees under Idaho Code § 41-1839.[5] Awards of attorneys fees are limited to instances where:
 
 
 30
 (1) the insured has provided a proof of loss as required by the insurance policy; (2) the insurance company fails to pay an amount justly due under the policy within thirty days of such proof of loss; and (3) the insured thereafter is compelled to bring suit to recover for his loss.
 
 
 31
 Reynolds v. American Hardware Mut. Ins. Co., 766 P.2d 1243, 1247 (Idaho 1988). Under these standards, Juker and Freeman appear to be entitled to attorney's fees from NPIC. Since Clear Lakes is not an "insurer" as required by the Code, but merely an insurance agent, it is not subject to the statute. The amount of such fees, however, is for the district court to address on remand.
 
 CONCLUSION
 
 32
 We REVERSE the magistrate's finding that the state court judgment was unreasonable and we REVERSE the dismissal of Juker's breach of contract claim against NPIC. All other aspects of the magistrate's decision are AFFIRMED. We REMAND to the district court with instructions to enter judgment in favor of Juker on the breach of contract claim in the amount of $400,000 plus accrued interest pursuant to Idaho law and for the determination of the appropriate amount of attorney's fees.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject NPIC's and Clear Lakes' analogy to Rajspic v. Nationwide Mut. Ins. Co., 662 P.2d 534 (Idaho 1983). A stipulation which resolves a single issue in a complex case is unlike a settlement, which disposes of the entire action. Moreover, Idaho has not extended its stipulation analysis to settlements or consent judgments
 
 
 [2]
 Moreover, this circuit has been reluctant to allow collateral attacks on state judgments which have not been appealed within the state courts themselves. See, e.g., Allen v. United States Fidelity & Guar. Co., 342 F.2d 951 (9th Cir.1965)
 
 
 [3]
 Farmowner's Coverage G does not apply, inter alia:
 (b) to bodily injury or property damage arising out of (1) business pursuits of any insured except (i) activities therein which are ordinarily incident to non-business pursuits and (ii) farming, or (2) the rendering of or failing to render professional services;
 (c) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of ... (2) any motor vehicle owned or operated by, or rented or loaned to any insured....
 Automobile Coverage J does not apply, inter alia:
 [ (c) ] to bodily injury to any employee of the insured arising out of and in the course of his employment ...
 (i) to bodily injury or property damage arising out of the conduct of any partnership or joint venture of which the insured is a partner or member and which is not designated in this policy as a named insured....
 
 
 [4]
 Insurance by estoppel is a viable theory of insurance coverage and recovery in the state of Idaho. See Lewis, 461 P.2d at 246. This circuit recognizes the expansiveness of the Idaho doctrine. United Pacific Ins. Co. v. Meyer, 305 F.2d 107, 113 (9th Cir.1962)
 
 
 [5]
 The district court denied Juker and Freeman's motion for fees on May 19, 1992, long after the Notice of Appeal was filed; we therefore have no jurisdiction to review the magistrate's decision on this issue. We merely hold that Freeman and Juker meet the requirements of § 41-1839, and leave the factual issues to be addressed by the district court on remand